**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CASE NO.: **3:23-cv-783**

ALLSTATE PROPERTY AND
CASUALTY INSURANCE
COMPANY,

               Plaintiff,

vs.

HARRY VAN FLEET,
RICHARD L. HEATH, and
DOORDASH, INC.

               Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY ("Allstate"), by and through its undersigned counsel, and sues Defendants, HARRY VAN FLEET, RICHARD L. HEATH, and DOORDASH, INC. and alleges as follows:

1.     This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202, seeking a declaration of the rights, duties, and liabilities of the parties pursuant to an auto policy issued by Allstate to Defendant Harry Van Fleet (hereinafter "Van Fleet").

## PARTIES

2.     Allstate is an insurance company incorporated in the State of Illinois with a principal place of business at 2775 Sanders Road, Northbrook, IL 60062-6127.

3.     On March 24, 2022, Van Fleet was a citizen of Florida, residing in Jacksonville,

Duval County, Florida.

4.      Van Fleet is currently residing in the Philippines.

3.      At all times material hereto, Defendant Richard L. Heath (hereinafter "Heath") was and is a citizen of Florida, residing in Collier County, Florida.

4.      At all times material hereto, DoorDash, Inc. (hereinafter "DoorDash") was and is a technology company incorporated in the State of California with its principal place of business located at 303 2nd Street, South Tower, Suite 800, San Francisco, California 94107.

5.      At all material times hereto, DoorDash was a foreign profit corporation authorized to transact business in the State of Florida, and DoorDash was and is engaged in substantial and not isolated business activities in Florida.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship) because the citizenship of Plaintiff, Allstate, is diverse from that of all Defendants, and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

7.      Heath filed a lawsuit against Van Fleet and DoorDash in the Circuit Court of the Fourth Judicial Circuit in and for Duval County Florida, which is currently pending and assigned case number 16-2022-CA-003187 (hereinafter the "Underlying Lawsuit").

8.      A copy of the complaint filed by Heath against Van Fleet and DoorDash (hereinafter the "Underlying Complaint") is attached hereto as Exhibit A.

9.      Heath is seeking to recover "over $100,000" from Van Fleet and DoorDash in the Underlying Lawsuit for injuries Health allegedly sustained in a March 24, 2022 accident.  Ex. A ¶ 1.

10.     Allstate is seeking a declaration of its rights and obligations regarding its duty to defend and indemnify Van Fleet and DoorDash in the Underlying Lawsuit pursuant to an auto policy issued and delivered by Allstate to Van Fleet in Duval County, Florida.

11.     Venue in this Court is proper for this matter pursuant to 28 U.S.C. § 1391 because the policy was issued and delivered to Van Fleet in this District; the accident giving rise to the Underlying Lawsuit occurred in this District; and the Underlying Lawsuit is pending in this District.

## HISTORY OF THE CONTROVERSY

12.     On March 24, 2022, Van Fleet was operating his 2011 Toyota Prius in Jacksonville, Duval County, Florida.

13.     At the time, Van Fleet was working for DoorDash as a food delivery driver.

14.     As a delivery driver for DoorDash, Van Fleet was compensated for making food deliveries to DoorDash customers who ordered food from various restaurants through the DoorDash app.

15.     While acting in the course and scope of his employment with DoorDash on March 24, 2022, Van Fleet picked up a food order from a restaurant and was in the process of delivering it to a DoorDash customer when he was involved in an accident with Heath, a pedestrian at the time.

16.     On or about June 6, 2022, Heath filed the Underlying Complaint against Van Fleet and DoorDash seeking to recover more than $100,000 in damages for injuries he sustained in the accident.  Ex. A.

17.     The Underlying Complaint contains the following allegations:

      a.     On March 24, 2022, DoorDash was operating "as a transportation

company that developed, marketed, and operated the 'DOORDASH' mobile application . . . which allowed potential customers/passengers with smartphones to submit a request for food delivery which was then routed to drivers logged in to the 'DOORDASH' app who would use their own cars to provide food delivery." Ex. A ¶ 5.

b.      DoorDash "receives a credit card payment from the customer at the end of the 'DOORDASH' service for the entirety of the fare, retains a significant portion of it, and then remits a portion to the driver who delivered the food."  Ex. A ¶ 12.

c.      Van Fleet was operating his motor vehicle "while logged into the driver version of the 'DOORDASH' app and was in the course and scope of his employment/relationship with 'DOORDASH'."  Ex. A ¶ 7.

d.      Van Fleet "was actively logged on to the 'DOORDASH' digital network and either delivering food to a person using the 'DOORDASH' app or actively waiting to receive a request via either digital network app" when he struck Heath.  Ex. A ¶ 16.

18.     Heath sets out one count of negligence against Van Fleet and one count of vicarious liability against DoorDash.

19.     Allstate issued an auto policy bearing policy number 988219538 to Van Fleet for the policy period beginning October 28, 2021 through April 28, 2022.  A certified copy of the Allstate policy is attached hereto as Exhibit B.

20.     Allstate is providing Van Fleet with a defense in the Underlying Lawsuit pursuant to a reservation of rights.

21.    There is a disagreement among the parties as to whether the Allstate policy provides liability coverage for the injuries sustained by Heath and whether Allstate owes Van Fleet or DoorDash a duty to defend or a duty to indemnify them in the Underlying Lawsuit.

<u>**COUNT I – DECLARATORY JUDGMENT ACTION**</u>

Allstate incorporates by reference Paragraphs 1-20 *supra.*

22.    The Allstate policy lists Van Fleet's 2011 Toyota Prius and provides Automobile Liability Insurance.

23.    The Allstate policy contains the following definitions and provisions:

**General Provisions**
The following provisions apply to all parts of the policy except where otherwise noted.

* * * *

**Definitions Used Throughout The Policy**
The following definitions apply throughout the policy unless otherwise indicated. Defined words are printed in boldface type.

* * * *

5.  **Resident** means a person who resides in **your** household with the intention to continue residence there. . . .

* * * *

10. **We**, **Us**, or **Our** means the company shown on the Policy Declarations.

11. **You** or **your** means the policyholder(s) listed as Named Insured(s) on the Policy Declarations and the **resident** spouse of any such Named Insured.

* * * * * * * *

**Part 1**
**Automobile Liability Insurance**
**Bodily Injury Liability—Coverage AA**
**Property Damage Liability—Coverage BB**

**General Statement Of Coverage**

If a premium is shown on the Policy Declarations for **Automobile Liability Insurance—Bodily Injury and Property Damage**, **we** will pay damages which an **insured person** is legally obligated to pay because of:
1. **bodily injury** sustained by any person, and
2. **property damage**.

Under these coverages, **your** policy protects an **insured person** from liability for damages arising out of the ownership, maintenance, or use, loading or unloading, of an **insured auto**.

\* \* \* \*

**We** will defend an **insured person** sued as a result of a covered accident involving an **insured auto**.  **We** will choose the counsel.  **We** may settle any claim or suit if **we** believe it is proper.  **We** will not defend an **insured person** sued for damages which are not covered by this policy.

\* \* \* \*

**Additional Definitions For Part 1**

\* \* \* \*

2. **Insured Auto** means an **auto you** own which is described on the Policy Declarations and for which a premium is shown for **Automobile Liability Insurance—Bodily Injury and Property Damage**. . . .

\* \* \* \*

3. **Insured Person** means:
   a) While using **your insured auto** other than a **non-owned auto**:
      1) **you**;
      2) any **resident**; and
      3) any other person using it with **your** permission.

\* \* \* \*

   c) Any other person or organization liable for the **insured auto** if that **insured auto** is not owned or hired by that **insured person** under 3 a) or b) above and then only for that person's acts or omissions.

\* \* \* \*

**Exclusions—What Is Not Covered**
**We** will not pay for any damages an **insured person** is legally obligated to pay because of:

Page 6

\* \* \* \*

2. **bodily injury** or **property damage** arising out of the use of:
   a) an **insured auto** while used to carry persons, products or property for any form of compensation, including but not limited to fees, delivery charges or wages generally; or
   b) any **auto** an **insured person** is driving while available for hire by the public.

   This exclusion does not apply to **shared-expense car pools**.

\* \* \* \* \* \* \* \* \* \* \* \*

24.     Based upon the foregoing policy provisions, the Allstate policy does not provide liability coverage for Heath's claim against DoorDash because DoorDash does not meet the definition of insured person contained in the policy.

   a.  DoorDash is not the policyholder or a resident of the policyholder's household under the definitions in paragraph 3.a) and was not otherwise using the insured auto with the policyholder's permission.

   b.  To the extent Heath alleges DoorDash is vicariously liable for Van Fleet's actions, DoorDash does not meet the definition of insured person in paragraph 3.c) because Heath owns the 2011 Toyota Prius he was driving at the time of the accident.

25.     Based upon the foregoing policy provisions, the Allstate policy does not provide liability coverage for Heath's injury claim against Van Fleet or DoorDash because Heath's injuries arose out of the use of Van Fleet's insured auto while it was being used to carry products for compensation such that exclusion number 2 applies.

26.     There is a dispute and controversy between the parties regarding whether Allstate owes a duty to defend or indemnify Van Fleet or DoorDash for the claims being made by Heath

in the Underlying Lawsuit.

WHEREFORE, for the reasons stated above, Plaintiff Allstate Property and Casualty Insurance Company respectfully requests that this Honorable Court issue an Order and Judgment declaring that (1) the Allstate policy does not provide liability coverage for Heath's injury claim against DoorDash because DoorDash is not an insured person on the Allstate policy; (2) the Allstate policy does not provide liability coverage for Heath's injury claim against Van Fleet or DoorDash because Heath's injuries arose out of the use of an insured auto while being used to carry products for any form of compensation; (3) Allstate has no duty to defend DoorDash or Van Fleet in the Underlying Lawsuit; and (4) Allstate has no duty to indemnify DoorDash or Van Fleet for the injury claim being made against them by Heath; and award any such other relief as is appropriate and allowed by law.

Filed this 6th day of July, 2023

/s/ Kelly L. Gillis
JANE ANDERSON
Florida Bar No.:  045942
Email: janderson@boydjen.com
KELLY L. GILLIS
Florida Bar No.:  68642
Email: kgillis@boydjen.com
Boyd & Jenerette, P.A.
201 N. Hogan St., Suite 400
Jacksonville, FL 32202
Tel:     (904) 353-6241
Fax:     (904) 493-5657
Counsel for Plaintiff